# EXHIBIT A

# The Judicial Branch of Arizona, Maricopa County

[ Search ]

Civil Court Case Information - Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2013-011607 | Judge: | Fink, Dean |
| File Date: | 8/30/2013 | Location: | Downtown |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Peter Strojnik | Plaintiff | Male | Peter Strojnik |
| Josephine Pereira | Defendant | Female | Pro Per |
| D C R Strategies Inc | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 8/30/2013 | COM - Complaint | 9/3/2013 | |
| 8/30/2013 | CCN - Cert Arbitration - Not Subject | 9/3/2013 | |
| 8/30/2013 | CSH - Coversheet | 9/3/2013 | |

## Case Calendar

There are no calendar events on file

## Judgments

There are no judgments on file

In the Superior Court of the State of Arizona
In and For the County of Maricopa

**CV2013-011607**

(Please Type or Print)

Plaintiff's Attorney _PETER STROJNIK_

Attorney's Bar Number _006464_

MICHAEL K. JEANES, CLERK
BY _[signature]_ DEP

**FILED**

13 AUG 30 AM 10: 38

Is Interpreter Needed? ☐ Yes ☒ No
If yes, language type: _____
Attorney/Pro Per Signature _[signature]_
To the best of my knowledge, all information is true and correct.

Plaintiff's Name(s): (List all)
_PETER STROJNIK_
_____

Plaintiff's Address:
_7847 N. Central Ave_
_Phoenix AZ 85020_
_____

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)
_Josephine Pereira_
_____

_DCR Strategies_
_____

(List additional defendants on page two and/or attach a separate sheet).

EMERGENCY ORDER SOUGHT: ☐ Temporary Restraining Order   ☐ Provisional Remedy   ☐ OSC
☐ Election Challenge   ☐ Employer Sanction   ☐ Other _____

☐ RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY. (Mark appropriate box under **Nature of Action**).

☐ RULE 8(i) COMPLEX LITIGATION APPLIES   Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties. (Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

### NATURE OF ACTION
(Place an "X" next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death
**110 TORT NON-MOTOR VEHICLE:**
☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort
☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☒ 118 Slander/Libel/Defamation

☐ 116 Other (Specify) _____
**120 MEDICAL MALPRACTICE:**
☐ 121 Physician M.D.   ☐ 123 Hospital
☐ 122 Physician D.O   ☐ 124 Other
**130 CONTRACTS:**
☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds - Sale
Construction Defects (Residential/Commercial)
  ☐ 136 Six to Nineteen Structures
  ☐ 137 Twenty or More Structures

September 1, 2011

1

| 150-199 OTHER CIVIL CASE TYPES: | |
|---|---|
| ☐ 156 Eminent Domain/Condemnation | ☐ 155 Declaratory Judgment |
| ☐ 151 Forcible Detainer | ☐ 157 Habeas Corpus |
| ☐ 152 Change of Name | ☐ 184 Landlord Tenant Dispute - Other |
| ☐ 153 Transcript of Judgment | ☐ 159 Restoration of Civil Rights (Federal) |
| ☐ 154 Foreign Judgment | ☐ 159 Clearance of Records (A.R.S. §13-4051) |
| ☐ 158 Quiet Title | ☐ 190 Declaration of Factual Innocence (A.R.S. §12-771) |
| ☐ 160 Forfeiture | ☐ 191 Declaration of Factual Improper Party Status |
| ☐ 175 Election Challenge | ☐ 193 Vulnerable Adult (A.R.S. §46-451) |
| ☐ 179 Employer Sanction Action (A.R.S. §23-212) | ☐ 165 Tribal Judgment |
| ☐ 180 Injunction against Workplace Harassment | ☐ 167 Structured Settlement (A.R.S. §12-2901) |
| ☐ 181 Injunction against Harassment | ☐ 169 Attorney Conservatorships (State Bar) |
| ☐ 182 Civil Penalty | ☐ 170 Unauthorized Practice of Law (State Bar) |
| ☐ 186 Water Rights (Not General Stream Adjudication) | ☐ 171 Out-of-State Deposition for Foreign Jurisdiction |
| ☐ 187 Real Property | ☐ 172 Secure Attendance of Prisoner |
| ☒ Sexually Violent Persons (A.R.S. §36-3704) (Except Maricopa County) | ☐ 173 Assurance of Discontinuance |
| ☐ Minor Abortion (See Juvenile in Maricopa County) | ☐ 174 In-State Deposition for Foreign Jurisdiction |
| ☐ Special Action Against Lower Courts (See lower court appeal cover sheet in Maricopa) | ☐ 176 Eminent Domain–Light Rail Only |
| ☐ 194 Immigration Enforcement Challenge (§§1-501, 1-502, 11-1051) | ☐ 177 Interpleader– Automobile Only |
| | ☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03) |
| | ☐ 183 Employment Dispute - Discrimination |
| | ☐ 185 Employment Dispute - Other |
| | ☐ 195(a) Amendment for Marriage License |
| | ☐ 195(b) Amendment for Birth Certificate |
| **150-199 UNCLASSIFIED CIVIL CASE TYPES:** | ☐ 163 Other _____ |
| ☐ Administrative Review (See lower court appeal cover sheet in Maricopa) | (Specify) |
| ☐ 150 Tax Appeal (All other tax matters must be filed in the AZ Tax Court) | |

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

☐ Antitrust/Trade Regulation
☐ Construction Defect with many parties or structures
☐ Mass Tort
☐ Securities Litigation with many parties
☐ Environmental Toxic Tort with many parties
☐ Class Action Claims
☐ Insurance Coverage Claims arising from the above-listed case types
☐ A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)

_____

Additional Defendant(s)

_____

September 1, 2011                                                                                     2

Peter Strojnik, 6464
**STROJNIK, P.C.**
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: 602-524-6602
Facsimile: 602-296-0135
E-mail: *Strojnik@aol.com*
Attorney for Plaintiff

IN THE MARICOPA COUNTY SUPERIOR COURT

STATE OF ARIZONA

PETER STROJNIK                       ) NO. CV2013-011607
                                     )
                    Plaintiff,       )           SUMMONS
                                     )
vs.                                  )
                                     )
JOSEPHINE PEREIRA, a natural         )    If you would like legal advice from a lawyer,
person; DCR STRATEGIES, INC.         )    contact the Lawyer Referral Service at
                                     )
                    Defendants.      )              602-257-4434
                                                        or
                                              www.lawyerfinders.org.

                                              Sponsored by the
                                          Maricopa County Bar Association

TO:

1. Josephine Pereira, Esq., Business Development Counsel, DCR Strategies, Inc., 2680 Skymark Avenue, Suite 420, Mississagua, Ontario L4W 5L6

2. DCR Strategies, Inc., 2680 Skymark Avenue, Suite 420, Mississagua, Ontario L4W 5L6

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona -- whether by direct mail, by registered or certified mail, or by publication -- you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. When process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of process against it in this State, the

-1-

insurer shall not be required to appear, answer or plead until the expiration of 40 days of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service by mail is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after the Affidavit of Compliance and return receipt of Officer's Return. **RCP 4.1 and 4.2; A.R.S. §§ 20-222, 28-502, 28-503.**

**YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint. YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of the Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or Response upon Plaintiff's attorney, or if Plaintiff is not represented by counsel, upon Plaintiff.**

A request for reasonable accommodations for persons with disabilities must be made to the division assigned to the case by the parties at least three (3) days before the scheduled court proceeding.

The name and address of Plaintiff is:
Peter Strojnik, Esq.
7847 North Central Avenue
Phoenix, Arizona 85020

SIGNED AND SEALED this date: AUG 3 0 2013    MICHAEL K JEANES, CLERK

_____
Clerk of Court

-2-

Peter Strojnik, 6464
**STROJNIK, P.C.**
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: 602-524-6602
Facsimile: 602-296-0135
E-mail: *Strojnik@aol.com*
Attorney for Plaintiff

COPY

AUG 30 2013
MICHAEL K. JEANES, CLERK
W. POWLEY
DEPUTY CLERK

## IN THE MARICOPA COUNTY SUPERIOR COURT
## STATE OF ARIZONA

| | |
|---|---|
| PETER STROJNIK | ) NO. CV2013-011607 )  |
| Plaintiff, | ) CERTIFICATE OF ARBITRATION ) |
| vs. | ) ) |
| JOSEPHINE PEREIRA, a natural person; DCR STRATEGIES, INC. | ) ) ) |
| Defendants. | ) |

The above cause is not subject to compulsory arbitration.

RESPECTFULLY SUBMITTED this 30th day of August, 2013.

STROJNIK, P.C.

By: Peter Strojnik
Attorney for Plaintiff

-1-

MICHAEL K. JEANES
Clerk of the Superior Court
By Wendy Powley, Deputy
Date 08/30/2013 Time 10:41:06
Description                    Amount
------- CASE# CV2013-011607 -------
CIVIL NEW COMPLAINT            319.00

TOTAL AMOUNT                   319.00
         Receipt# 23218567

Peter Strojnik, 6464
**STROJNIK, P.C.**
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: 602-524-6602
Facsimile: 602-296-0135
E-mail: *Strojnik@aol.com*
Attorney for Plaintiff

## IN THE MARICOPA COUNTY SUPERIOR COURT

## STATE OF ARIZONA

| | |
|---|---|
| PETER STROJNIK | NO. CV2013-011607 |
| Plaintiff, | **COMPLAINT** |
| vs. | (Defamation) |
| JOSEPHINE PEREIRA, a natural person; DCR STRATEGIES, INC. | (False Light) |
| Defendants. | |

For its Complaint Plaintiff alleges:

1. Plaintiff is a lawyer in Phoenix, Arizona.

2. Defendant Josephine Pereira is, upon information and belief, a lawyer in Ontario, Canada. Pereira holds herself out as a Business Development Counsel for Defendant DCR Strategies, Inc.

3. Defendant DCR Strategies, Inc. is, upon information and belief, an Ontario, Canada Corporation.

-1-

4. All acts performed by Pereira were performed within the course and scope of her employment with Defendant DCR Strategies, Inc.

5. On or about August 20, 2013, Plaintiff, as counsel for Reward Card Solutions, LLC, filed a breach of contract claim against DCR Strategies, Inc. in the Maricopa County Superior Court under cause number CV2013-011504.

6. On August 28, 2013, Plaintiff received a phone call from Defendant Pereira at approximately 11:35 a.m. Pacific Time. Plaintiff took Defendant Pereira's call as a courtesy although he was vacationing in California with his wife.

7. Defendant Pereira wanted to talk about jurisdiction and venue in CV2013-011504. Defendant Pereira advised Plaintiff that pursuant to the terms of the Prepaid Card Agreement which is the subject of the Plaintiff's Complaint in CV2013-011504, the proper venue was in Canada and that the Arizona Court lacked jurisdiction to hear this matter.

8. Plaintiff retorted that he was traveling and that he did not have the file in front of him to discuss the matter intelligently. Indeed, Plaintiff was traveling by car on US 101 and had no access to the file.

9. Plaintiff requested that Defendant Pereira send him an e-mail with Defendant Pereira's jurisdictional analysis so the parties could discuss the matter upon Plaintiff's return from vacation.

10. Defendant Pereira told Plaintiff that this was unacceptable and that the matter had to be resolved right then and there. Plaintiff again explained that he did not have the file in front of him and that the matter will have to wait until his return from vacation.

11. Defendant Pereira became surprisingly aggressive and abusive; Defendant Pereira told Plaintiff that the matter had to be resolved immediately and, unprovoked, Defendant Pereira accused Plaintiff of incompetence and lack of ethics. Defendant Pereira's abusive, unwarranted ad hominem attack left Plaintiff no choice but to terminate the abusive conversation.

12. Defendant Pereira called Plaintiff back at approximately 11:43 a.m. Pacific Time. Again, Defendant Pereira engaged in a completely unnecessary ad hominem tirade and threats against Plaintiff. Defendant Pereira's then abruptly hung up.

13. During this immediate time frame, Defendant Pereira issued an e-mail (Exhibit 1) which stated:

> Peter:
>
> Since you hung up on the phone on me, there will be **no** resolution to this matter and I will have our firm move to dismiss your ridiculous complaint (which even a 1st year law student could have seen you did this all wrong) and force your client to arbitrate this matter in Canada as per the contract. Honestly, you should not be practicing law if you so incompetently represent clients.
>
> I must say, that for an attorney currently on probation after numerous suspensions with the state bar association (which followed client complaints for misconduct and malpractice), you would tread more carefully. I will be making the appropriate complaint with the Arizona state bar today since you obviously are still not fit to practice law.

> We will now not be settling any matter with your client and will move to dismiss this frivolous action as well as request sanctions against you from the court.

14. Notably, Defendant Pereira intentionally published this defamatory e-mail to Plaintiff's client.

15. At 11: 48 on the same day, Defendant Pereira issued another e-mail directly to Plaintiff's client without copying Plaintiff (Exhibit 2):

> From: Josephine Pereira
> Sent: Wednesday, August 28, 2013 11:48 AM
> To: Peter Tuovi (ptuovi@msn.ca)
> Cc: Alex Callan
> Subject: Lawsuit
>
> And so you know, our firm is making a limited appearance to dismiss, meaning you cannot confer personal jurisdiction over DCR in such a matter. If you happen to have gotten a judgment against DCR, you know it would be worthless based on Full Faith and Credit, so good luck. You really screwed this one up because you cannot take constructive criticism over what is a defective lawsuit.
>
> Josephine Pereira
> Business Development Counsel

## COUNT ONE

### (Defamation Per Se)

16. Plaintiff realleges all allegations heretofore set forth.

17. Defendants' statements contained in Exhibits 1 and 2, particularly the wrongful and malicious statements alleging Plaintiff's incompetence, malpractice, numerous suspensions, comparison of Plaintiff to a 1st year law student, and Plaintiff's lack of fitness to practice law have no relation to the proceeding in CV2013-011504.

18. The statements in Exhibits 1 and 2 and in the preceding paragraph are defamatory per se.

19. The statements were not made in furtherance of the litigation and to promote the interest of justice[1].

20. Plaintiff has been damaged by Defendants' defamatory statements; in addition, damages are presumed. Plaintiff claims presumed and accrual damages in an amount to be assessed by the jury but in no event less $100,000.00 as to each Defendant.

21. Defendants' conduct was premeditated and intentionally designed to cause harm to Plaintiff in his relationship with the client RCS in CV2013-011504.

22. Defendants' misconduct was intended to create a wedge between Plaintiff and his client by mounting a false personal attack on Plaintiff without justification or excuse.

23. Defendants' conduct was intended to cause harm or was engaged with reckless disregard for the harm caused to Plaintiff, entitling Plaintiff to an award of punitive damages in an amount to be proven at trial but in no event less than sufficient to deter these Defendants from repeating such conduct and deterring others from same in an amount to be proven at trial, but in no event less than $250,000.00 as to each Defendant.

## COUNT TWO

### (False Light Invasion of Privacy)

24. Plaintiff realleges all allegations heretofore set forth.

---

[1] *Green Acres Trust v. London*, 141 Ariz. 609, 688 P.2nd 617 (Ariz. Sup. Ct. 1984)

25. Defendants gave publicity to a matter concerning Plaintiff that places Plaintiff in a false light.

26. Defendants had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which Plaintiff would be placed.

27. Plaintiff has been damaged by Defendants' invasion of privacy in an amount to be assessed by the jury but in no event less $100,000.00 as to each Defendant.

28. Defendants' conduct was premeditated and intentionally designed to cause harm to Plaintiff by publication that exposed Plaintiff to the false light.

29. Defendants' misconduct was intended to create a wedge between Plaintiff and his client by mounting a false personal attack on Plaintiff without justification.

30. Defendants' conduct was intended to cause harm or was engaged with reckless disregard for the harm caused to Plaintiff, entitling Plaintiff to an award of punitive damages in an amount to be proven at trial but in no event less than sufficient to deter these Defendants from repeating such conduct and deterring others from same in an amount to be proven at trial, but in no event less than $250,000.00 as to each Defendant.

///

///

///

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

A. For direct and presumed damages in an amount no less than $100,000.00 as to EACH Defendant; and

B. For puntive damages in an amount no less than $250,000.00 against EACH Defendant; and

C. For costs incurred in this action; and

D. For pre judgment and post judgment interest at the highest legal rate; and

E. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 30th day of August, 2013.

STROJNIK, P.C.

By: Peter Strojnik
Attorney for Plaintiff

# EXHIBIT 1

# Alex Callan

| | |
|---|---|
| **From:** | Josephine Pereira |
| **Sent:** | Wednesday, August 28, 2013 11:43 AM |
| **To:** | ps@strojnik.com; , |
| **Cc:** | Alex Callan |
| **Subject:** | RCS v DCR |
| **Importance:** | High |

Peter:

Since you hung up on the phone on me, there will be **no** resolution to this matter and I will have our firm move to dismiss your ridiculous complaint (which even a 1st year law student could have seen you did this all wrong) and force your client to arbitrate this matter in Canada as per the contract. Honestly, you should not be practicing law if you so incompetently represent clients.

I must say, that for an attorney currently on probation after numerous suspensions with the state bar association (which followed client complaints for misconduct and malpractice), you would tread more carefully. I will be making the appropriate complaint with the Arizona state bar today since you obviously are still not fit to practice law.

We will now not be settling any matter with your client and will move to dismiss this frivolous action as well as request sanctions against you from the court.


Josephine Pereira
Business Development Counsel

DCR Strategies Inc.
2680 Skymark Ave | Suite 420 | Mississauga, Ontario, L4W 5L6
Tel. 905.212.2100 | Fax. 905.212.9513 | Mobile. 647-821-5423



The information contained in this message is proprietary and / or confidential. If you are not the intended recipient, please: (i) delete the message and all copies; (ii) do not disclose, distribute or use the message in any manner; and (iii) notify the sender immediately. In addition, please be aware that any message addressed to our domain is subject to archiving and review by persons other than the intended recipient.

Les informations contenues dans ce message sont la propriété et / ou confidentielles. Si vous n'êtes pas le destinataire, s'il vous plaît: (i) supprimer le message et toutes les copies; (ii) ne pas divulguer, distribuer ou utiliser le message de quelque manière, et (iii) informer immédiatement l'expéditeur. En outre, s'il vous plaît être conscient que tout message adressé à notre domaine est soumis à l'archivage et l'examen par des personnes autres que le destinataire prévu.

# EXHIBIT 2

# Alex Callan

| | |
|---|---|
| **From:** | Josephine Pereira |
| **Sent:** | Wednesday, August 28, 2013 11:48 AM |
| **To:** | Peter Tuovi (ptuovi@msmt.ca) |
| **Cc:** | Alex Callan |
| **Subject:** | Lawsuit |

And so you know, our firm is making a limited appearance to dismiss, meaning you cannot confer personal jurisdiction over DCR in such a matter. If you happen to have gotten a judgment against DCR, you know it would be worthless based on Full Faith and Credit, so good luck. You really screwed this one up because you cannot take constructive criticism over what is a defective lawsuit.

Josephine Pereira
Business Development Counsel

DCR Strategies Inc.
2680 Skymark Ave | Suite 420 | Mississauga, Ontario, L4W 5L6
Tel. 905.212.2100 | Fax. 905.212.9513 | Mobile. 647-821-5423



The information contained in this message is proprietary and / or confidential. If you are not the intended recipient, please: (i) delete the message and all copies; (ii) do not disclose, distribute or use the message in any manner; and (iii) notify the sender immediately. In addition, please be aware that any message addressed to our domain is subject to archiving and review by persons other than the intended recipient.

Les informations contenues dans ce message sont la propriété et / ou confidentielles. Si vous n'êtes pas le destinataire, s'il vous plaît: (i) supprimer le message et toutes les copies; (ii) ne pas divulguer, distribuer ou utiliser le message de quelque manière, et (iii) informer immédiatement l'expéditeur. En outre, s'il vous plaît être conscient que tout message adressé à notre domaine est soumis à l'archivage et l'examen par des personnes autres que le destinataire prévu.