# EXHIBIT A

# Mr. Peter Strojnik

**Status:** Active 

**Board Certified Specialization:** None 

**Areas of Focus:** Business Law, Corporate Counsel, Litigation

**Section Membership:** None

**Other Jurisdictions:** 9th Circuit

**Other Languages:** Yugoslavian

**Professional Liability Insurance:** No

**Discipline:**

| Date | Activity | Detail |
|------|----------|--------|
| 09/19/13 | Probation Complete | From Case Number: 09-0314, Charges: 2 |
| 01/03/12 | Reinstatement | From Case Number: 10-1223, Charges: 1 |
| 12/03/11 | Suspension | _____, Charges: 1 |
| 05/02/11 | Probation | _____, Charges: 2 |
| 05/02/11 | Reprimand | _____, Charges: 2 |
| 04/05/90 | Censure | _____, Charges: 1 |

This website does not display all lawyer sanctions, such as admonitions/informal reprimands, or any pending formal proceedings. Contact the State Bar of Arizona at 602.340.7384 or use the _____ to confirm the lawyer's entire record.

Strojnik PC
2415 E Camelback Rd Ste 700
Phoenix, AZ 85016-4201
Maricopa County

**602.553.1112**
Fax: 602.296.0135

Email

## More About Mr. Peter Strojnik

*Educated at Arizona State, admitted to practice in 1980, admitted to the State Bar of Arizona October 4, 1980.*

**ATTENTION MEMBERS OF THE PUBLIC:**

Please **do not** email lawyers the details of your legal matter. Please contact them to make an appointment to discuss your matter in person. Lawyers have a duty to avoid conflicts and the lawyer you contact by email may already represent someone in your matter.

Copyright ©2004-2013 State Bar of Arizona

# EXHIBIT B

# Mr. Peter Strojnik

**Status:** Active 

**Board Certified Specialization:** None

**Areas of Focus:** Business Law, Corporate Counsel, Litigation

**Section Membership:** None

**Other Jurisdictions:** 9th Circuit

**Other Languages:** Yugoslavian

**Professional Liability Insurance:** No

**Discipline:**

| Date | Action | Detail | |
|------|--------|--------|---|
| 09/19/13 | Probation Complete | From Case Number: 09-0314, | |
| 01/03/12 | Reinstatement | From Case Number: 10-1223, | |
| 12/03/11 | Suspension | _____ , Charges: 1 | |
| 05/02/11 | Probation | _____ , Charges: 2 | |
| 05/02/11 | Reprimand | _____ , Charges: 2 | |
| 04/05/90 | Censure | _____ , Charges: 1 | |

This website does not display all lawyer sanctions, such as admonitions/informal
reprimands, or any pending formal proceedings. Contact the State Bar of
602.340.7384 or use the _____ to confirm the lawyer's entire

## More About Mr. Peter Strojnik

*Educated at Arizona State, admitted to practice in 1980, admitt*

**ATTENTION MEMBERS OF THE PUBLIC:**

Please do not email lawyers the details of your legal matter. Pl
Lawyers have a duty to avoid conflicts and the lawyer you cont

---

**Strojnik PC**
2415 E Camelback Rd Ste 700
Phoenix, AZ 85016-4201
Maricopa County

**602.553.1112**
Fax: 602.296.0135

Email

---

**86-0658 Disposition Summary**

SUMMARY:

BY ORDER DATED 4/5/90, PETER STROJNIK WAS CENSURED BY THE
SUPREME COURT OF ARIZONA FOR CONDUCT IN VIOLATION OF THE
RULES OF PROFESSIONAL CONDUCT. THE DISCIPLINARY COMMISSION
OF THE SUPREME COURT OF ARIZONA, IN ADOPTING THE HEARING
COMMITTEE'S FINDINGS OF FACT, FOUND THAT STROJNIK AND THE FIRM
OF WHICH HE WAS AN ASSOCIATE WERE RETAINED BY THREE
INDIVIDUALS WHO WERE THE SUBJECT OF A PROPERTY
CONDEMNATION ACTION FILED BY THE CITY OF PHOENIX. THE THREE
INDIVIDUALS WERE THE OWNER, THE LESSEE, AND THE SUBLESSEE OF
THE PROPERTY. THEREAFTER, IT WAS DETERMINED BY THE FIRM THAT A
CONFLICT OF INTEREST EXISTED AND STROJNIK WITHDREW FROM
REPRESENTING THE SUBLESSEE. STROJNIK, HOWEVER CONTINUED TO
REPRESENT THE OWNER AND THE LESSEE AGAINST THE SUBLESSEE.
STROJNIK'S CONDUCT WAS IN VIOLATION OF ER 1.9(a). STROJNIK WAS
ALSO ASSESSED COSTS IN THE AMOUNT OF $1,099.98.

Copyright ©2004-2013 State Bar of Arizona

# EXHIBIT C

# Mr. Peter Strojnik

**Status:** Active ℹ️

**Board Certified Specialization:** None ℹ️

**Areas of Focus:** Business Law, Corporate Counsel, Litigation

**Section Membership:** None

**Other Jurisdictions:** 9th Circuit

**Other Languages:** Yugoslavian

**Professional Liability Insurance:** No ℹ️

**Discipline:**

| Date | Activity | Detail | | |
|------|----------|--------|---|---|
| 09/19/13 | Probation Complete | From Case Number: 09-0314, | | |
| 01/03/12 | Reinstatement | From Case Number: 10-1223, | | |
| 12/03/11 | Suspension | _____ | , Charges: 1 | |
| 05/02/11 | Probation | _____ | , Charges: 2 | |
| 05/02/11 | Reprimand | _____ | , Charges: 2 | |
| 04/05/90 | Censure | _____ | , Charges: 1 | |

This website does not display all lawyer sanctions, such as admonitions/informal reprimands, or any pending formal proceedings. Contact the State Bar of Arizona at 602.340.7384 or use the _____ to confirm the lawyer's entire record.

**09-0314 Disposition Summary**

Respondent's name Peter Strojnik

Bar No. 006464

File No. 09-0314 and 09-1451

By order of the acting presiding disciplinary judge dated May 2, 2011, Peter Strojnik, 2401 E. Camelback Rd, Ste 700, Phoenix, was reprimanded (a sanction known before 2011 as censure). Mr. Strojnik will be placed on probation for two years and was also assessed the costs and expenses of the disciplinary proceeding.

Mr. Strojnik represented a party against a former client without the former client's appropriate consent. He also arranged the merger of his corporation with his client's company, which is a business transaction. He failed to appropriately advise the client to seek the advice of independent counsel and failed to get informed consent for the representation. He also engaged in conduct prejudicial to the administration of justice by filing a pleading and then negotiating with counsel for the withdrawal of that pleading based on the payment of his disputed fees.

## More About Mr. Peter Strojnik

*Educated at Arizona State, admitted to practice in 1980, admitted to the State Bar of Arizona October 4, 1980.*

**ATTENTION MEMBERS OF THE PUBLIC:**

Please **do not** email lawyers the details of your legal matter. Please contact them to make an appointment to discuss your matter in person. Lawyers have a duty to avoid conflicts and the lawyer you contact by email may already represent someone in your matter.

Copyright ©2004-2013 State Bar of Arizona

# Mr. Peter Strojnik

**Status:** Active ⓘ

**Board Certified Specialization:** None ⓘ

**Areas of Focus:** Business Law, Corporate Counsel, Litigation

**Section Membership:** None

**Other Jurisdictions:** 9th Circuit

**Other Languages:** Yugoslavian

**Professional Liability Insurance:** No ⓘ

**Discipline:**

| | | | |
|---|---|---|---|
| 09/19/13 | Probation Complete | From Case Number: 09-0314, | |
| 01/03/12 | Reinstatement | From Case Number: 10-1223, | |
| 12/03/11 | Suspension | _____ , Charges: 1 | |
| 05/02/11 | Probation | _____ , Charges: 2 | |
| 05/02/11 | Reprimand | _____ , Charges: 2 | |
| 04/05/90 | Censure | _____ , Charges: 1 | |

This website does not display all lawyer sanctions, such as admonitions/informal reprimands, or any pending formal proceedings. Contact the State Bar of Arizona at 602.340.7384 or use the _____ to confirm the lawyer's entire record.

pleading based on the payment of his disputed fees.

In a second matter, Mr. Strojnik created conflicts of interest by filing suit against persons whom he otherwise represented by being general counsel for a joint venture, and by filing suit on a matter directly arising from an amended joint venture that he prepared. He amended the joint venture, in part, in order to waive claims other joint venture members may have had against him and his wife. His status as lawyer for the joint venture allowed him to obtain confidential information about joint venture members. He then used this information to their disadvantage by filing a lawsuit against them.

Aggravating factors: substantial experience in the practice of law, multiple offenses, pattern of misconduct, and prior disciplinary offenses.

Mitigating factors: absence of a dishonest or selfish motive, personal or emotional problems, full and free disclosure to disciplinary board or cooperative attitude toward proceedings, and remoteness of prior offenses.

Mr. Strojnik violated Rule 42, Ariz. R. Sup. Ct., specifically ERs 1.7(a), 1.8(a) and (h)(1), 1.9(a) and (c)(1), and 8.4(d)

## More About Mr. Peter Strojnik

*Educated at Arizona State, admitted to practice in 1980, admitted to the State Bar of Arizona October 4, 1980.*

**ATTENTION MEMBERS OF THE PUBLIC:**

Please **do not** email lawyers the details of your legal matter. Please contact them to make an appointment to discuss your matter in person. Lawyers have a duty to avoid conflicts and the lawyer you contact by email may already represent someone in your matter.

Copyright ©2004-2013 State Bar of Arizona

independent contractors, Mr. Gukeisen was unable to adequately supervise legal and non-lawyer staff and was unable to ensure adequate and appropriate communication with clients. Mr. Gukeisen was not diligent in ensuring that attorneys assigned to individual client matters were sufficiently familiar with the individual matters and that non-lawyer staff provided accurate information to clients.

Finally, Mr. Gukeisen accepted "retainers" or deposits from clients that were used to expand his support staff and physical facilities but did not decline other work or reserve time for clients paying this fee. Upon termination of his representation by several clients, Mr. Gukeisen, sometimes through staff members, informed his former clients that he was entitled to keep these "retainers" although no substantive work had been performed on the client's matters. For these reasons the "retainers" were unreasonable fees.

Aggravating factors: pattern of misconduct, multiple offenses, and substantial experience in the practice of law.

Mitigating factors: absence of a prior disciplinary record, full and free disclosure to disciplinary board or cooperative attitude toward proceedings and imposition of other penalties or sanctions.

Mr. Gukeisen violated Rule 42, ARIZ.R.S.CT., specifically ERs 1.3, 1.4 and 1.5.

### WILLIAM M. LABUDA, JR.
Bar No. 022216; State Bar File Nos. 09-1328 and 09-2453
Supreme Court No. SB-11-0025-D

By Arizona Supreme Court judgment and order dated April 20, 2011, William M. Labuda, Jr., P.O. Box 8714, Gaithersburg, Md, was suspended for 21 months, retroactive to Jan. 6, 2011. Mr. Labuda was ordered to return his client's property and pay the costs of the disciplinary proceeding. If reinstated, Mr. Labuda will be placed on probation for two years.

Count 1 stemmed from Mr. Labuda's criminal conviction. He pled guilty to possession of drug paraphernalia, a class 1 misdemeanor.

In Count 2, Mr. Labuda represented a client in a divorce matter. The court ordered Mr. Labuda to lodge a decree, but he failed to do so. He also did not respond to the client's requests for information nor return the client's documents upon her request. Mr. Labuda also did not respond to the State Bar's investigatory letters regarding this matter.

Aggravating factors: prior disciplinary offense, pattern of misconduct, multiple offenses, bad-faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency, and illegal conduct.

Mitigating factors: absence of a dishonest or selfish motive, personal or emotional problems, delay in disciplinary proceedings, imposition of other penalties or sanctions, and remorse.

Mr. Labuda violated Rule 41(b), ARIZ.R.S.CT.; Rule 42, ARIZ.R.S.CT., specifically ERs 1.2, 1.3, 1.4, 1.15, 3.2, 3.4(c), 8.1(b), 8.4(b), and 8.4(d); and Rules 53(c), (d), and (f), ARIZ.R.S.CT. (2009).

### CHARLES ANTHONY SHAW
Bar No. 003624; File No. 10-0602

By report and order dated Feb. 28, 2011, the presiding disciplinary judge and panel ordered that Charles Anthony Shaw, 140 N. Granite St., Prescott, Ariz., be reprimanded (a sanction known before 2011 as censure) and pay the costs and expenses of the disciplinary proceeding.

Mr. Shaw represented the plaintiff in an employment-discrimination case. Mr. Shaw's fee agreement and accounting to his client reflected an hourly rate of $250 for legal services. The parties settled the case. As part of the settlement, the opposing party agreed to pay attorneys' fees that accrued, not to exceed $5,000. Mr. Shaw knowingly submitted a false fee affidavit to opposing counsel misrepresenting the actual fees accrued and his hourly rate. Mr. Shaw avowed in his fee affidavit that his hourly rate in the case was $350 rather than $250.

Aggravating factors: dishonest or self motive, refusal to acknowledge wrongful nature of misconduct, and substantial experience in the practice of law.

Mitigating factors: absence of prior discipline, cooperative attitude toward disciplinary proceedings, character and reputation.

Mr. Shaw was found to have violated Rule 42, ARIZ.R.S.CT., specifically ERs 4.1, 8.4(c) and 8.4(d).

### PETER STROJNIK
Bar No. 006464; File No. 09-0314 and 09-1451

By order of the acting presiding disciplinary judge dated May 2, 2011, Peter Strojnik, 2401 E. Camelback Road, Ste 700, Phoenix, was reprimanded (a sanction known before 2011 as censure). Mr. Strojnik will be placed on probation for two years and was also assessed the costs and expenses of the disciplinary proceeding.

Mr. Strojnik represented a party against a former client without the former client's appropriate consent. He also arranged the merger of his corporation with his client's company, which is a business transaction. He failed to appropriately advise the client to seek the advice of independent counsel and failed to get informed consent for the representation. He also engaged in conduct prejudicial to the administration of justice by filing a pleading and then negotiating with counsel for the withdrawal of that pleading based on the payment of his disputed fees.

In a second matter, Mr. Strojnik created conflicts of interest by filing suit against persons whom he otherwise represented by being gen-eral counsel for a joint venture, and by filing suit on a matter directly arising from an amended joint venture that he prepared. He amended the joint venture, in part, in order to waive claims other joint venture members may have had against him and his wife. His status as lawyer for the joint venture allowed him to obtain confidential information about joint venture members. He then used this information to their disadvantage by filing a lawsuit against them.

Aggravating factors: substantial experience in the practice of law, multiple offenses, pattern of misconduct, and prior disciplinary offenses.

Mitigating factors: absence of a dishonest or selfish motive, personal or emotional problems, full and free disclosure to disciplinary board or cooperative attitude toward proceedings, and remoteness of prior offenses.

Mr. Strojnik violated Rule 42, ARIZ.R.S.CT., specifically ERs 1.7(a), 1.8(a) and (h)(1), 1.9(a) and (c)(1), and 8.4(d).

### LAUREN E. VANPELT
Bar No. 020048; File No. 11-0806

By order dated April 11, 2011, the presiding disciplinary judge granted the State Bar's motion for interim suspension of Lauren E. Vanpelt. Pursuant to Rule 61, ARIZ.R.S.CT., the State Bar moved for Ms. Vanpelt's interim suspension for an indeterminate period of time not to exceed five years. She did not resist the motion. Ms. Vanpelt admitted that she is and has been misappropriating client funds and is engaging in conduct which has resulted, and the continuation of which will result, in substantial harm, loss or damage to the public, the legal profession or the administration of justice.

# EXHIBIT D

# Mr. Peter Strojnik

**Status:** Active &#9432;

**Board Certified Specialization:** None &#9432;

**Areas of Focus:** Business Law, Corporate Counsel, Litigation

**Section Membership:** None

**Other Jurisdictions:** 9th Circuit

**Other Languages:** Yugoslavian

**Professional Liability Insurance:** No &#9432;

**Discipline:**

| Date | Action | Detail | | |
|------|--------|--------|---|---|
| 09/19/13 | Probation Complete | From Case Number: 09-0314, | | |
| 01/03/12 | Reinstatement | From Case Number: 10-1223, | | |
| 12/03/11 | Suspension | _____ | , Charges: 1 | |
| 05/02/11 | Probation | _____ | , Charges: 2 | |
| 05/02/11 | Reprimand | _____ | , Charges: 2 | |
| 04/05/90 | Censure | _____ | , Charges: 1 | |

This website does not display all lawyer sanctions, such as admonitions/informal reprimands, or any pending formal proceedings. Contact the State Bar of Arizona at 602.340.7384 or use the _____ to confirm the lawyer's entire record.

---

**10-1223 Disposition Summary**

Respondent's name Peter Strojnik

Bar No. 006464

File No. 10-1223

PDJ-2011-9044

By order of the presiding disciplinary judge dated November 7, 2011, Peter Strojnik, Phoenix, was suspended for 30 days. Mr. Strojnik will continue on probation that was instituted in file nos. 09-0314 and 09-1451 for two years from September 20, 2011. Mr. Strojnik was also assessed the costs and expenses of the disciplinary proceeding.

Mr. Strojnik sent a letter to a represented person that had no purpose other than to embarrass, delay, or burden him, and resulted in the filing of a motion to remove Mr. Strojnik as counsel and made it necessary for the court to address the issue. He filed a motion to compel and for sanctions and a complaint for declaratory judgment, both of which were frivolous and prejudicial to the administration of justice. His treatment of deponent during deposition was "insulting and shockingly insensitive." Finally, Mr. Strojnik advised his client to not attend an IME, but he failed to advise her

---

## More About Mr. Peter Strojnik

*Educated at Arizona State, admitted to practice in 1980, admitted to the State Bar of Arizona October 4, 1980.*

**ATTENTION MEMBERS OF THE PUBLIC:**

Please **do not** email lawyers the details of your legal matter. Please contact them to make an appointment to discuss your matter in person. Lawyers have a duty to avoid conflicts and the lawyer you contact by email may already represent someone in your matter.

Copyright ©2004-2013 State Bar of Arizona

# Mr. Peter Strojnik

**Status:** Active 🛈

**Board Certified Specialization:** None 🛈

**Areas of Focus:** Business Law, Corporate Counsel, Litigation

**Section Membership:** None

**Other Jurisdictions:** 9th Circuit

**Other Languages:** Yugoslavian

**Professional Liability Insurance:** No 🛈

**Discipline:**

| Date | Action | Detail | |
|------|--------|--------|---|
| 09/19/13 | Probation Complete | From Case Number: 09-0314, | |
| 01/03/12 | Reinstatement | From Case Number: 10-1223, | |
| 12/03/11 | Suspension | _____ , Charges: 1 | |
| 05/02/11 | Probation | _____ , Charges: 2 | |
| 05/02/11 | Reprimand | _____ , Charges: 2 | |
| 04/05/90 | Censure | _____ , Charges: 1 | |

This website does not display all lawyer sanctions, such as admonitions/informal reprimands, or any pending formal proceedings. Contact the State Bar of Arizona at 602.340.7384 or use the _____ to confirm the lawyer's entire record.

---

*(inset panel:)*

during deposition was insulting and shockingly inconsiderate. Finally, Mr. Strojnik advised his client to not attend an IME, but he failed to advise her that she could be sanctioned for not attending. Her failure to attend the IME resulted in the defendant filing a motion to compel, the IME had to be reset, and his client was ordered to pay the costs incurred by the defense counsel.

Aggravating factors: prior disciplinary offenses, pattern of misconduct, and substantial experience in the practice of law.

Mitigating factors: personal or emotional problems, full and free disclosure to disciplinary board or cooperative attitude toward proceedings, and remorse.

Mr. Strojnik violated Rule 42, Ariz. R. Sup. Ct., specifically ERs 1.4, 1.7(a), 3.1, 4.2, 4.4(a), and 8.4(d).

***************REINSTATEMENT SUMMARY***************

Peter Strojnik

Bar No. 006464

SBA File No. 10-1223

PDJ No.: PDJ 2011-9096

---

## More About Mr. Peter Strojnik

*Educated at Arizona State, admitted to practice in 1980, admitted to the State Bar of Arizona October 4, 1980.*

**ATTENTION MEMBERS OF THE PUBLIC:**

Please **do not** email lawyers the details of your legal matter. Please contact them to make an appointment to discuss your matter in person. Lawyers have a duty to avoid conflicts and the lawyer you contact by email may already represent someone in your matter.

Copyright ©2004-2013 State Bar of Arizona

LAWYER REGULATION

By failing to promptly deliver funds to clients and third parties, collecting illegal fees, engaging in conduct prejudicial to the administration of justice, failing to sufficiently explain a matter to permit the client to make an informed decision, failing to provide competent representation, and making claims regarding his services that were likely to create a false or misleading expectation, Mr. Lopez violated Oregon Rules of Professional Conduct 1.4(a), 1.4(b), 1.5,1.15-1(d), 7.1(a)(2), and 8.4(a)(4).

### JEFFREY S. SIIRTOLA
Bar No. 011717; File Nos. 09-2251, 10-0255, 10-2349, 11-0137, 11-1069, and 11-1642
PDJ No. PDJ-2011-9058

By the presiding disciplinary judge's order dated Oct. 26, 2011, Jeffrey S. Siirtola, Sierra Vista, Ariz., was suspended for six months and one day and must participate in fee arbitration with two clients. He also must pay the costs of the discipline matter.

In count one, Mr. Siirtola represented criminal defendants in the Graham County courts for driving under the influence and other related criminal offenses. Mr. Siirtola filed virtually the same motions in each of his cases upon retention. The court routinely found the motions overbroad, premature, boilerplate and not applicable to Graham County. The court also routinely rejected Mr. Siirtola's initial disclosure statement because it failed to give specific notice of the defense's witnesses.

In count two, Mr. Siirtola, in addition to filing the same motions mentioned in count one, referred to the level of the charged crimes in his closing argument after the court ruled it would not tell the jury the level of the offenses. In his closing argument, Mr. Siirtola also insinuated that the prosecutors had overcharged the case because the prosecutor was male and did not understand "female problems." In addition, Mr. Siirtola hinted at the possible penalty facing his client in his closing argument. Mr. Siirtola appealed the matter on behalf of his client and filed his appellate briefs late.

In count three, Mr. Siirtola failed to attend a previously scheduled hearing that caused the hearing to be continued and eventually conducted at a later date.

In count four, Mr. Siirtola falsely argued in motions that the court continued a hearing over the state's objection so that witness interviews could be completed. In actuality, the court continued the hearing because Mr. Siirtola was not present and his coverage attorney was not prepared. Also, Mr. Siirtola made false statements in subsequent motions and at oral argument when he claimed that the assigned prosecutor discriminated against his clients by not extending plea offers, when, in fact, she had made plea offers to Mr. Siirtola's clients in previous cases.

In two additional counts, Mr. Siirtola and clients entered into a fee agreement that called

Mr. Siirtola's fee as "earned by attorney upon receipt" that did not simultaneously advise them that they could nevertheless discharge Mr. Siirtola at any time and may be entitled to a refund of all or part of the fee based upon the value of the representation. He also did not timely provide the clients with accountings that sufficiently explained the time spent on their cases.

Aggravating factors: prior disciplinary offenses, multiple offenses, and substantial experience in the practice of law.

Mitigating factors: personal or emotional problems and imposition of other penalties or sanctions.

Mr. Siirtola violated Rule 42, ARIZ.R.S.CT., specifically ERs 1.3, 1.5(d)(3), 1.15(d), 3.1, 3.2, 3.3(a)(1), 3.4(e), and 8.4(d).

### PETER STROJNIK
Bar No. 006464; File No. 10-1223
PDJ No. 2011-9044

By order of the presiding disciplinary judge dated Nov. 7, 2011, Peter Strojnik, Phoenix, was suspended for 30 days. Mr. Strojnik will continue on probation that was instituted in File Nos. 09-0314 and 09-1451 for two years from Sept. 20, 2011. Mr. Strojnik also was assessed the costs and expenses of the disciplinary proceeding.

Mr. Strojnik sent a letter to a represented person that had no purpose other than to embarrass, delay or burden him, and resulted in the filing of a motion to remove Mr. Strojnik as counsel and made it necessary for the court to address the issue. He filed a motion to compel and for sanctions and a complaint for declaratory judgment, both of which were frivolous and prejudicial to the administration of justice. His treatment of deponent during deposition was "insulting and shockingly insensitive." Finally, Mr. Strojnik advised his client to not attend an IME, but he failed to advise her that she could be sanctioned for not attending. Her failure to attend the IME resulted in the defendant filing a motion to compel, the IME had to be reset, and his client was ordered to pay the costs incurred by the defense counsel.

Aggravating factors: prior disciplinary offenses, pattern of misconduct, and substantial experience in the practice of law.

Mitigating factors: personal or emotional problems, full and free disclosure to disciplinary board or cooperative attitude toward proceedings, and remorse.

Mr. Strojnik violated Rule 42, ARIZ.R.S.CT., specifically ERs 1.4, 1.7(a), 3.1, 4.2, 4.4(a), and 8.4(d).

### DAVID WM. WEST
Bar No. 001793; File No. 11-0203
PDJ No. 2011-9074

By the presiding disciplinary judge's order dated Nov. 8, 2011, David Wm. West, Maricopa, was reprimanded and ordered to pay costs of the discipline matter.

Mr. West represented a client in a guardian and conservatorship matter. Mr. West did not have a

# EXHIBIT E

# INQUIRY CONCERNING A LAWYER

## STATE BAR OF ARIZONA
### 4201 North 24th Street, Suite 200
### Phoenix, Arizona 85016-6288

The Supreme Court of Arizona, working to maintain high ethical and professional standards in the legal profession, established a program to address inquiries concerning lawyers. The program is the Attorney/Consumer Assistance Program, "A/CAP". No tax dollars are used. A/CAP is funded wholly from Bar dues paid annually by members of the State Bar of Arizona.

Please read the State Bar's pamphlet, Information About Disputes With Lawyers. It is brief, and valuable time can be saved if you understand how the State Bar functions. Additional information may be obtained by calling the A/CAP hotline at 602-340-7280.

The following information will help speed initial review of your inquiry. Please be advised that most written submissions about lawyers eventually become a public record. Therefore, all information on this form, including your name and address, will be available for review by the lawyer and others who may view the file. Additionally, this form and any other submissions by you will be sent to the lawyer.

Please type or print in ink when completing this form. Do not use yellow highlighter. All pages of the form must be returned.

DATE: _04/15/08_    SIGNATURE: _Ronald Allen, Sr._ _Jack San Felice_

| NAME AND ADDRESS OF CONSUMER | NAME AND ADDRESS OF LAWYER |
|---|---|
| Ron Deen, Sr. / Jack San Felice c/o Matthew A. Ritter P.O. Box 2943 Florence, AZ 85232 fax: (520) 868-0379 | Peter Strojnik 3030 No. Central Ave #1401 Phoenix, AZ 85012 |
| Telephone No. (520) 868-3700 | Telephone No. (602) 524-6602 |

1.    Was or is this lawyer your lawyer? Yes ✓ No ___ If not, how did you come into contact with this lawyer?

See Attached Sheet

## RECEIVED

APR 2 1 2008

STATE BAR OF ARIZONA
LAWYER REGULATION

2.    Do you currently have a lawyer other than the one about whom you have an inquiry?  If so, please provide that person's name and address.

| | |
|---|---|
| Matthew A. Ritter | (520) 868-3700 |
| P.O. Box 2943 | ritter.law@giganet.com |
| Florence, AZ 85232 | |

3.    What do you wish to achieve by bringing this matter to the State Bar's attention?

To have Mr. Grajnik removed from the current litigation he is improperly and unethically pursuing against us, and for the State Bar to impose proper sanctions for her misconduct and unethical legal representation.

4.    State Bar proceedings occasionally provide for the return of funds or other property from a lawyer.  There is <u>no guarantee</u> of actual recovery.  If you believe you are entitled to receive funds or other property from the lawyer, please specify the basis for your claim and the amount or items you believe you should receive, such as: (a) money paid to the lawyer as a fee that you believe the lawyer did not earn; (b) money you paid the lawyer for filing fees or other costs that were not actually incurred; (c) settlement money paid to the lawyer that you believe should have been paid to you; (d) items of personal property or documents given to the lawyer that you believe should be returned to you.

<u>PLEASE NOTE:</u> You may have legal claims against the lawyer.  If you intend to pursue such claims, <u>do not</u> delay because State Bar proceedings are pending. If you wait, you may lose important legal rights. For example, if you believe you are entitled to recover money from the lawyer for damages you suffered because of the lawyer's conduct, you <u>must</u> pursue such claims through the courts.  The State Bar cannot assist in recovery of malpractice, contract, or other civil damages.  Accordingly, applicable state and federal laws limiting such claims may preclude these claims before State Bar proceedings are final.

5.    Explain your inquiry in your own words.  Please provide all important dates, times, places, court file numbers, and details so that the specific nature of your inquiry can be understood.  Be clear, brief, and to the point.  Use additional sheets if necessary.  However, PLEASE DO NOT USE THE BACK OF THIS FORM.  Attach copies of any documents you feel may be helpful in understanding your inquiry.

See Attached Sheet

On August 22, 2006, Attorney Peter Strojnik drafted and arranged for execution of a Joint Venture Agreement between Silver King Mining Company of America, LLC (Silver King) and Arizona Precious Metals, Inc. (APM).  (*See* Exhibit 1).

The Silver King is an Arizona Limited Liability Company whose member/directors are Ronald Deen, Sr. and Jack San Felice.

APM is a Nevada Corporation whose directors are Richard Campbell (CEO), Hans Huening (CFO) and Peter Strojnik (corporate counsel).

The Joint Venture Agreement was intended as a contractual agreement between the parties whereby APM would provide funding necessary to resume mining operation of the El Medico Mine ostensibly owned by the Silver King.  Attorney Peter Strojnik represented this Joint-Venture on a continuing basis. *See* Exhibit 2 (letters of communication from Strojnik to Joint-Venture members, specifically including Ronald Deen, Sr. and Jack San Felice)

Under its Policy Committee, the management of the APM-Silver King Joint Venture shall be conducted by a Policy Committee comprised of four non-permanent members (Ronald Deen, Sr. and Jack San Felice of Silver King; Richard Campbell and Hans Huening of APM) and one permanent member, namely Peter Strojnik–general counsel for both APM and the APM-Silver King Joint Venture.[1]

No funding was provided by APM pursuant to the Joint Venture Agreement.

Because APM was unable to obtain the funding endemic to its contractual obligations under the Joint-Venture Agreement, Attorney Peter Strojnik drafted a second, modified Joint-Venture Agreement, which was executed on November 27, 2006 by and between 1) APM, 2) Silver King, 3) APM-Silver King Joint Venture, 4) Richard Campbell (CEO of APN), 5) Hans Huening (CFO of APM), and 6) TCMS Investments, Inc. (TCMS) (owned by Tanya Strojnik, the wife of Peter Strojnik–general counsel for both APM and the APM-Silver King Joint Venture).  (*See* Exhibit 3).

The November 27, 2006 Agreement obliged payment by THE FUNDING GROUP of a Reclamation Bond to the U.S. Forest Service.  THE FUNDING GROUP is comprised of Richard Campbell, Hans Huening, and TCMS (owned by the wife of Peter Strojnik).

The November 27, 2006 Joint-Venture Agreement also specifically modified the terms and conditions of the August 22, 2006 Joint-Venture Agreement:  THE FUNDING GROUP became a party to the APM-Silver King Joint-Venture and the percentage allocations of interest in the El Medico Mine to APM and the Silver King are altered to include THE FUNDING GROUP.

Although the Reclamation Bond was apparently paid by THE FUNDING GROUP, APM failed to provide any further funding whatsoever for the Joint-Venture.

Attorney Peter Strojnik has filed suit against Ronald Deen, Sr. and Jack San Felice on behalf of THE FUNDING GROUP, an unincorporated association consisting of Hans Huning and TCMS Investments, Inc. (Pinal County Superior Court: CV 200701884), alleging: Complaint for Quiet Title, Negligence, Fraud, Fraud in the Inducement, Breach of Contract, Breach of Covenant of Good Faith and

---

[1] The Policy Committee clause also indicates that a company called owned TCMS Investments, Inc. is a minority member in APN; this company is owned by the wife of Peter Strojnik, namely Tanya Strojnik.

Fair Dealing, Scheme and Artifice to Defraud, Participation in a Criminal Syndicate, and Pattern of Unlawful Activity.

Attorney Peter Strojnik, however, is the general counsel for the Joint-Venture Agreement, (thus representing both APM and Silver King), is the permanent member of the policy committee for the Joint-Venture Agreement as general counsel for both APM and the APM-Silver King Joint-Venture. Moreover, the wife of Peter Strojnik is the owner of TCMS–a minority owner of APN, a named party to the second Joint-Venture Agreement, and part owner of the FUNDING GROUP (third party to second Joint-Venture Agreement along with APM and Silver King).

Attorney Peter Strojnik has therefore filed suit against persons whom he otherwise represented by virtue of being general counsel for the Joint-Venture Agreement, and has filed said suit on a matter directly arising from that Joint-Venture Agreement, which Joint-Venture Agreement he himself drafted. This is a brazen conflict of interest. This conflict of interest is exacerbated through the complicity of his wife.

Attorney Peter Strojnik, moreover, attempted to obviate his obvious conflict of interest through a Mutual Release Clause of the November 27, 2006 Joint-Venture Agreement:

(a) APM, the APM-Silver King Joint Venture, and the Silver King forever release and discharge one another from all actions, claims, demands, damages, obligations, liabilities, controversies and executions of any kind or nature whatsoever, whether known or unknown, whether suspected or not, which have arisen, or may have arisen, or shall arise or may arise in the future by reason of any act, omission to act, breach of duty, breach of contract, express or implied, but only to the extent that the act or omission giving rise to such claim arose prior to the effective date of this Agreement, and specifically waive any claim or right to assert any cause of action or alleged cause of action or claim or demand which has, through oversight or error intentionally or unintentionally or through a mutual mistake, been committed by any party against any other party.

Attorney Peter Strojnik attempted even further to obviate his obvious conflict of interest through the Recitals to the November 27, 2006 Joint-Venture Agreement, which specifies that the "parties waive any conflict of interest, any commercial or civil tort, any breach of contract, or any breach of duty, that may arise out of this Agreement, and to release one another from any claim whatever for conduct occurring to the effective date of this Agreement."

Attorney Peter Strojnik has not only involved himself in a malicious conflict of interest in filing suit on behalf of his wife against persons he otherwise represented, he took undue advantage of his position as attorney for all parties and as the drafter of the Agreement upon which he now seeks to benefit himself and his marital community and in terms of which he sought improperly to effectuate a waiver of his own conflict of interest.

Dated this _____ day of April, 2008 by:

_____
Ronald Deen, Sr.

_____
Jack San Felice