**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>      Plaintiff,<br><br>v.<br><br>Josephine Pereira; DCR Strategies Inc.,<br><br>      Defendants. | No. CV-13-02032-PHX-SRB<br><br>**ORDER** |

At issue is Defendants' Motion to Dismiss the Complaint and Memorandum in Support ("MTD") (Doc. 4).

**I.     BACKGROUND**

This case arises out of a separate breach of contract action that Plaintiff, an attorney licensed in Arizona, brought on behalf of a client against Defendant DCR in the Maricopa County Superior Court. (Doc. 1-1, Compl. ¶¶ 1, 5.) The parties agree that Defendant Pereira, as counsel for Defendant DCR in that case, called Plaintiff and expressed her belief that the action was improper because the contract at issue contained a clause requiring all disputes to be settled through binding arbitration in Canada. (*Id.* ¶ 7; MTD at 2-3.) After that call ended with no resolution to the dispute, Pereira sent Plaintiff and his client's representative an email stating:

> Peter:
>
> Since you hung up the phone on me, there will be **no** resolution to this matter and I will have our firm move to dismiss your ridiculous complaint (which even a 1st year law student could have seen you did this all wrong)

> and force your client to arbitrate this matter in Canada as per the contract. Honestly, you should not be practicing law if you so incompetently represent clients.
>
> I must say, that for an attorney currently on probation after numerous suspensions with the state bar association (which followed client complaints for misconduct and malpractice), you would tread more carefully. I will be making the appropriate complaint with the Arizona state bar today since you obviously are still not fit to practice law.
>
> We will now not be settling any matter with your client and will move to dismiss this frivolous action as well as request sanctions against you from the court.

(Compl. ¶ 13; MTD at 3.) On the same day, Pereira sent a second email that was intended to be sent to Plaintiff and the same representative of his client, but instead went to an employee of Pereira's client and the representative of Plaintiff's client. (Compl. ¶ 15; MTD at 4.) That email read:

> And so you know, our firm is making a limited appearance to dismiss, meaning you cannot confer personal jurisdiction over DCR in such a matter. If you happen to have gotten a judgment against DCR, you know it would be worthless based on Full Faith and Credit, so good luck. You really screwed this one up because you cannot take constructive criticism over what is a defective lawsuit.

(Compl. ¶ 15; MTD at 4.) Plaintiff subsequently brought this action against Pereira and her client, DCR, for defamation per se and false light invasion of privacy. (Compl. ¶¶ 16-30.) Defendants now move to dismiss Plaintiff's Complaint, arguing that (1) Pereira's statements are protected by "the absolute privilege for statements related to pending litigation," or (2) the statements were either substantially true or expressed opinions. (MTD at 5-17.)

## II.   LEGAL STANDARDS AND ANALYSIS

### A.   Motion to Dismiss Standard

A Rule 12(b)(6) dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011), *cert. denied*, *Blasquez v. Salazar*, 132 S. Ct. 1762 (2012). Courts must consider all well-pleaded factual allegations as true and interpret them in the light most favorable to the plaintiff.

*Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1207 (9th Cir. 2013). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other words, the complaint must contain enough factual content "to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556.

**B.  Analysis**

Defendants' first argument is that Pereira's statements fell within the absolute privilege for statements made by attorneys concerning litigation. (MTD at 5-10.) Arizona recognizes the privilege as described in the Restatement (Second) of Torts § 586:

> An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.

*Green Acres Trust v. London*, 688 P.2d 617, 612-14 (Ariz. 1984); Restatement (Second) of Torts § 586. "*[S]pecial emphasis must be laid on the requirement that [the allegedly defamatory statement] be made in furtherance of the litigation and to promote the interest of justice. . . .* Without that nexus, the defamation only serves to injure reputation." *Green Acres*, 688 P.2d at 613-14 (second alteration in original). The recipient of an extra-judicial communication must have some relationship to the judicial proceeding for the privilege to apply. *Id.* at 614. However, the "motive, purpose or reasonableness in uttering a false statement do not affect the defense." *Id.* at 613.

Plaintiff argues that the privilege does not apply to this case because Pereira's emails, while relating to the litigation, did not further the litigation or promote the interest

- 3 -

of justice. (Doc. 7, Pl.'s Resp. to MTD ("Pl.'s Resp.") at 2-3.)[1,2] The Court disagrees. While Pereira's choice of words may not have been reasonable, they were undeniably meant to convince Plaintiff to change his litigation strategy by dismissing the case in Arizona and consenting to arbitration in Canada. Enforcing contracts and resolving disputes in the proper forum are within "the interest of justice," therefore Pereira was within her rights to seek to further that interest through discussion with opposing counsel. The fact that the emails were sent to Plaintiff's client does not change the analysis. Without condoning Pereira's word choice, the Court finds that her statements were absolutely privileged and cannot be the basis for defamation of false light invasion of privacy claims. *See Yeung v. Maric*, 232 P.3d 1281, 1284 (Ariz. Ct. App. 2010) (noting that Arizona follows § 652F of the Restatement (Second) of Torts, which states that "[t]he rules on absolute privileges to publish defamatory matter stated in §§ 583-592A apply to the publication of any matter that is an invasion of privacy," which the court interpreted to include claims for false light invasion of privacy).

### III.   CONCLUSION

The Court grants Defendants' Motion to Dismiss. Defendant Pereira's statements to Plaintiff were absolutely privileged because they were made in regard to pending litigation and sought to further the interests of justice.

/ / /

---

[1] In making this argument, Plaintiff relies heavily on *Recorp Partners, PLC v. Gust Rosenfeld, PLC*, 8 P.3d 418 (Ariz. Ct. App. 2000). (*See id.* at 7-8.) However, the Arizona Court of Appeals ordered that *Recorp* be depublished and redesignated as a memorandum decision with no precedential value. Accordingly, the Court did not consider that opinion in formulating this Order.

[2] Defendants note that the Arizona Court of Appeals has questioned the continuing validity of the "interest of justice" aspect of the privilege. *See Johnson v. McDonald*, 3 P.3d 1075, 1078 n.1 (Ariz. Ct. App. 1999); (Doc. 12, Defs.' Reply Mem. in Supp. of MTD at 6.). The court pointed to the California Supreme Court's rejection of the element and its reasoning that the entire point of the privilege is undercut by such a requirement because all defamatory statements are "'invariably inimical to the 'interest of justice.''" *Id.* (quoting *Silberg v. Anderson*, 786 P.2d 365, 373 (Cal. 1990)). Nevertheless, the Court will consider that aspect of the *Green Acres* holding because the statement in *Johnson* is dicta and the Court can find no Arizona case holding that courts should no longer consider whether a statement was in the interest of justice in determining whether to apply the privilege.

1      **IT IS ORDERED** granting Defendants' Motion to Dismiss the Complaint and
2 Memorandum in Support (Doc. 4).
3      **IT IS FURTHER ORDERED** denying Defendants' Request for Judicial Notice
4 in Support of Motion to Dismiss (Doc. 5) as moot.
5      **IT IS FURTHER ORDERED** vacating oral argument set on December 16, 2013.

7      Dated this 22nd day of November, 2013.

_____
Susan R. Bolton
United States District Judge